IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTEGRATED MARINE SERVICES, L.L.C., | § § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1379 |
| | § | |
| HOIST LIFTRUCK MFG., INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 10] filed by

Defendant Hoist Liftruck Mfg, Inc. ("Hoist"), to which Plaintiff Integrated Marine

Services, L.L.C. ("IMS") filed an Opposition [Doc. # 15], and Hoist filed a Reply

[Doc. # 16].  Having reviewed the full record and applicable legal authorities, the

Court will allow IMS to file an amended complaint and, therefore, **denies** the Motion

to Dismiss.

## I.    BACKGROUND

In connection with its heavy industry business, IMS loads empty containers

weighing 5,000-10,000 pounds onto 18-wheeler trucks.  In mid-2008, IMS began

negotiating with Hoist's agents for the purchase of three Empty Container Handler

("ECH") trucks manufactured by Hoist.  IMS alleges that it was assured throughout

the negotiations that Hoist's ECHs were of good quality, durability, reliability such that IMS would have minimal downtime in its use of the ECHs.

Plaintiff alleges that, in reliance on Hoist's skill and judgment, it decided to purchase the three ECHs for a total purchase price of $878,528.43.  Toyota Lift of Houston ("Toyota Lift") was Hoist's representative and sales agent.  Pursuant to the Dealer Agreement between Hoist and Toyota Lift, Hoist warranted to "the first purchaser from" Toyota Lift that Hoist would discharge its warranty obligations.

IMS alleges that immediately after taking delivery of the ECHs on June 23, 2009, it discovered that the ECHs were defective, including significant design flaws. IMS alleges that the three ECHs have never worked properly and have been out of service on a regular basis.  IMS alleges that it notified Hoist of the defective condition of the ECHs, but Hoist has refused to accept return of the three machines and refund IMS's purchase price.

IMS filed this lawsuit against Hoist asserting breach of contract, fraudulent inducement to contract, breach of express and implied warranties, and negligence. IMS seeks to recover its purchase price, any expenditures it made in connection with the purchase of the ECHs, damages caused by the time the ECHs have been out of service, the cost of repair and maintenance of older ECHs owned by IMS necessitated

by the defects in the Hoist ECHs, attorneys' fees, interest, and court costs.  Hoist filed

its Motion to Dismiss, which has been fully briefed and is ripe for decision.

## II.   ANALYSIS

### A.   Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure is viewed with disfavor and is rarely granted.  *Harrington v. State Farm

Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).  The complaint must be liberally

construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken

as true.  *Id.*  The complaint must, however, contain sufficient factual allegations, as

opposed to legal conclusions, to state a claim for relief that is "plausible on its face."

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When there are well-pleaded factual

allegations, a court should presume they are true, even if doubtful, and then determine

whether they plausibly give rise to an entitlement to relief.  *Id.* at 1950.  Additionally,

regardless of how well-pleaded the factual allegations may be, they must demonstrate

that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v.

Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th

Cir. 1997).

In considering a motion to dismiss, a court must ordinarily limit itself to the

contents of the pleadings and attachments thereto.  *Collins v. Morgan Stanley Dean*

*Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

"Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F.3d at 499. These are documents presumably whose authenticity no party questions.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

### B.    Application of Legal Standard to Plaintiff's Complaint

Hoist seeks dismissal of IMS's breach of contract, fraudulent inducement, and warranty claims, noting that there is no contractual privity between Hoist and IMS.[1]

---

[1]    Additionally, Hoist seeks dismissal of the fraudulent inducement claim as barred by a two-year statute of limitations. The statute of limitations for a fraudulent inducement claim, however, is four years. *See Walker v. Presidium, Inc.*, 296 S.W.3d 687, 694 (Tex. App. – El Paso 2009, no pet.).

IMS now argues that it enjoys third-party beneficiary status under the Dealer Agreement attached as an exhibit to the Motion to Dismiss, which provides that Hoist is making certain warranties to Toyota Lift and "to the first purchaser" from Toyota Lift.  Consequently, IMS should be permitted to file an amended complaint asserting its contract, fraudulent inducement, and warranty claims based on its alleged status as a third-party beneficiary.[2]

Hoist seeks dismissal of the breach of implied warranty claims, arguing that the implied warranties were excluded under its contract with Toyota Lift.  The implied warranties of merchantability and fitness for a particular purpose arise "unless expressly excluded or modified by conspicuous language."  *See Cate v. Dover Corp.*, 790 S.W.2d 559, 561-62 (Tex. 1990); TEX. BUS. & COM. CODE § 2.316(b).  The Dealer Agreement does not include an exclusion of the implied warranty of merchantability that mentions "merchantability" and that is conspicuous.  The Dealer Agreement does not include an exclusion of the implied warranty of fitness for a

---

[2]   As to the implied warranty claims, Texas law does not require privity and permits implied warranty claims by a downstream purchaser directly against the remote manufacturer for economic damages.  *See Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77, 81 (Tex. 1977).  As to the express warranty claim, the warranty by its own terms extends to the first purchaser from Toyota Lift and more direct privity would not be required.

particular purpose that is conspicuous.  As a result, the implied warranty claims are not subject to dismissal based on the alleged exclusions.[3]

Hoist seeks dismissal of the negligence claim as barred by the two-year statute of limitations.  IMS argues that it has alleged a "continuing tort" that extends the limitations period.  The allegations in the current complaint, however, state only that the ECHs were defective when received and remained defective.  These allegations do not state a claim for a "continuing tort."  *See Markwardt v. Texas Indus., Inc.*, 325 S.W.3d 876, 894 (Tex. App. – Houston [14th Dist.] 2010, no pet.) (noting that the "continuing-tort doctrine is rooted in a plaintiff's inability to know ongoing conduct is causing her injury; thus, the rationale for the doctrine no longer applies if the claimant has discovered her injury and its cause and the statute commences to run upon discovery"), and cases cited therein; *see also First Gen. Realty Corp. v. Maryland Cas. Co.*, 981 S.W.2d 495, 501-02 (Tex. App. – Austin 1998, review denied) (noting that a "continuing tort involves wrongful conduct inflicted over a period of time that is repeated until desisted" and does not apply where the last alleged tortious act occurred outside the statute of limitations).  If IMS elects to include a

---

[3]     Hoist argues that the implied warranty claims should be dismissed because IMS seeks damages to which it is not entitled.  The claims are not subject to dismissal because IMS arguably seeks elements of damage to which it is not entitled.  IMS is cautioned, however, that its amended complaint is subject to the restrictions imposed by Rule 11 of the Federal Rules of Civil Procedure.

negligence claim in the amended complaint, it must comply with Rule 11 and Texas law.

### III.    <u>CONCLUSION AND ORDER</u>

Hoist notes that there is no contractual privity between it and IMS.  As to those claims requiring privity, IMS is entitled to amend its complaint to assert that it enjoys third-party beneficiary status as a basis for asserting those claims.  The tort claim is barred by the two-year statute of limitations.  IMS may attempt to replead a timely negligence claim within the requirements of Rule 11 of the Federal Rules of Civil Procedure.  Accordingly, it is hereby

**ORDERED** that Plaintiff shall file an amended complaint on or before **September 28, 2012**.  It is further

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 10] is **DENIED**.  It is further

**ORDERED** that the initial pretrial conference is rescheduled to **October 1, 2012, at 2:30 p.m.**

SIGNED at Houston, Texas, this **30th** day of **August, 2012.**

Nancy F. Atlas
United States District Judge