IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTEGRATED MARINE SERVICES, L.L.C., | § § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1379 |
| | § | |
| HOIST LIFTRUCK MFG., INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 26] filed by

Defendant Hoist Liftruck Mfg, Inc. ("Hoist"), to which Plaintiff Integrated Marine

Services, L.L.C. ("IMS") filed an Opposition [Doc. # 27], and Hoist filed a Reply

[Doc. # 28].  Having reviewed the full record and applicable legal authorities, the

Court **denies** the Motion to Dismiss.

## I.    BACKGROUND

In connection with its heavy industry business, IMS loads empty containers

weighing 5,000-10,000 pounds onto 18-wheeler trucks.  In mid-2008, IMS began

negotiating with Hoist's agents for the purchase of three Empty Container Handler

("ECH") vehicles manufactured by Hoist.  IMS alleges that it was assured throughout

the negotiations that Hoist's ECHs were of good quality, durability and reliability such that IMS would have minimal downtime in its use of the ECHs.

Plaintiff alleges that, in reliance on Hoist's skill and judgment, it decided to purchase "from Defendant" the three ECHs for a total purchase price of $878,528.43. *See* First Amended Complaint [Doc. # 24], ¶¶ 10-11.  Plaintiff alleges that the sales agreement with Hoist included a two-year buy back guarantee.

IMS alleges that immediately after taking delivery of the ECHs on June 23, 2009, it discovered that the ECHs were defective, including significant design flaws. IMS alleges that, notwithstanding Hoist's repeated efforts to remedy the problems, the three ECHs have never worked properly and have been out of service on a regular basis.

Plaintiff alleges that Hoist, recognizing that the ECHs had significant design flaws, renegotiated the terms of the parties' sales agreement to extend the period during which Hoist was required to buy back the equipment from the original two-year period to five (5) years.  IMS alleges that it notified Hoist of the defective condition of the ECHs, but Hoist has refused to accept return of the three machines and refund IMS's purchase price.

IMS filed this lawsuit against Hoist asserting breach of contract, fraudulent inducement to contract, and breach of express and implied warranties.  IMS seeks to

recover its purchase price and other monetary damages.  Hoist filed its Motion to Dismiss, which has been fully briefed and is ripe for decision.

## II.   MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

### A.   Applicable Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). "Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

### B.   <u>Breach of Contract Claim</u>

In order to state a breach of contract claim, a plaintiff must allege the existence of a contract, the performance or tender of performance by the plaintiff, a breach by the defendant, and damages as a result of that breach. *See Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App. – Houston [14th Dist.] 2000, no pet.). In this case, Plaintiff has alleged the existence of a contract to purchase equipment from Defendant and payment of the purchase price. Plaintiff alleges that Defendant breached the contract when the equipment failed to perform properly, and that it suffered damages as a result of the breach. This adequately states a claim for relief for breach of contract.

Defendant argues that Plaintiff's contract for purchase of the ECHs was with Toyota Lift of Houston, not with Hoist.  In support of this argument, Defendant submits a quote for "Three (3) New Hoist P Series Model P150EC8" ECHs issued by Toyota Lift of Houston to Plaintiff and signed by an authorized representative of IMS. This document, which is attached to Defendant's Motion to Dismiss and appears to support Defendant's position, is not attached to or mentioned in Plaintiff's Amended Complaint.[1]  As a result, the document cannot be considered on a Motion to Dismiss. As a result, the Motion to Dismiss the breach of contract claim must be denied without prejudice to being challenged in a Motion for Summary Judgment after discovery is complete.

### C.    Fraudulent Inducement to Contract Claim

To state a viable fraudulent inducement to contract claim, a party must establish the elements of fraud "as they relate to an agreement between the parties."  *See McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 328 (Tex. App. – Houston [14th Dist.] 2011) (quoting *Haase v. Glazner,* 62 S.W.3d 795, 798–99 (Tex. 2001)).  "The elements of fraud are (1) a material misrepresentation, (2) made with knowledge of

---

[1]    Attached to the Amended Complaint is an unsigned quote for "One (1) New Hoist P Series Model P150EC8" ECH issued by Toyota Lift of Houston to Shippers Stevedoring Company.  It is unclear what role, if any, Shippers Stevedoring Company plays in this case.

its falsity or without any knowledge of the truth and as a positive assertion, (3) made with the intention that it should be acted on by the other party, and (4) the other party acts in reliance on the misrepresentation and thereby suffers injury." *Id.* (citing *Formosa Plastics Corp. USA v. Presidio Eng's & Contractors, Inc.*, 960 S.W.2d 41, 47–48 (Tex. 1998)).

In this case, Plaintiff alleges that Defendant materially misrepresented the quality, durability, reliability and ergonomics of the ECHs in that Defendant committed that the equipment would operate to Plaintiff's complete satisfaction or Hoist would buy back the ECHs. Plaintiff alleges that Hoist made these and other misrepresentations knowing that they were false and intending that Plaintiff rely on them in deciding whether to purchase the ECHs. Plaintiff alleges further that it relied on the material misrepresentations and, as a result, entered into a contract to purchase the ECHs from Hoist. Plaintiff then asserts that when the equipment did not perform as represented, Plaintiff incurred damages. These allegations are sufficient to avoid dismissal of the fraudulent inducement claim as to the original contract to purchase the ECHs.

Plaintiff alleges also that Hoist fraudulently induced it to enter into an extended five-year buy back agreement rather than enforce the existing two-year term. "A promise to do an act in the future is actionable fraud when made with the intention,

design and purpose of deceiving, and with no intention of performing the act."

*Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1033

(5th Cir. 2010) (citing *Spoljaric v. Percival Tours, Inc.,* 708 S.W.2d 432, 434 (Tex.

1986)).   "While a party's intent is determined at the time the party made the

representation, it may be inferred from the party's subsequent acts after the

representation is made." *Id.* at 1033-34.  Failure to perform without more, however,

is not evidence of the promisor's intent not to perform at the time the promise was

made.  *Id.* at 1034.  "Slight circumstantial evidence of fraud, when considered with

the breach of promise to perform, is sufficient to support a finding of fraudulent

intent." *Id*. (internal quotations and citation omitted).  This Court must consider "all

the circumstantial evidence as a whole to determine whether the evidence

'transcend[s] mere suspicion'." *Id.* (quoting *IKON Office Solutions, Inc. v. Eifert,* 125

S.W.3d 113, 124 (Tex. App. – Houston [14th Dist.] 2003, pet. denied)).

Plaintiff alleges that Hoist materially misrepresented that it would honor an

extended five-year buy back commitment to induce Plaintiff not to enforce the two-

year buy back commitment in the original contract.  Plaintiff alleges that Hoist

extended the buy back term "with no intent to perform" or, alternatively, in reckless

disregard of whether it would ever be able to cure the defects in the ECHs.  Plaintiff

alleges that it relied on the misrepresentation regarding the extended period and

incurred damages as a result when Hoist refused to buy back the ECHs within the five year period.  These allegations adequately assert a fraudulent inducement to contract claim.  As a result, the Motion to Dismiss this claim is denied.

### D.   Warranty Claims

Plaintiff asserts claims for breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.  Defendant argues that Plaintiff's breach of warranty claims must be dismissed for failure to provide timely notice.

Under Texas law, a buyer is required to notify the seller "within a reasonable time" that a breach of warranty has occurred.  *See* TEX. BUS. & COM. CODE § 2.607(c)(1).  The burden of alleging and proving proper notice is on the buyer.  *See id.*; *see also Hull v. South Coast Catamarans,* L.P., 365 S.W.3d 35, 43 (Tex. App. – Houston [1st Dist.] 2011, review denied); *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201 (Tex. App. – Houston [1st Dist.],2003, review denied); *Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 189 (Tex. App. – Dallas 1996, no pet.).  "Failure to notify the seller of the breach, thereby allowing the seller an opportunity to cure, bars recovery on the basis of breach of warranty."  *Lochinvar*, 930 S.W.2d at 189 (citing *Miller v. Spencer*, 732 S.W.2d 758, 761 (Tex. App. – Dallas 1987, no writ)).

The notice requirement under Section 2.607 is liberally construed.  *See Ganz v. Lyons Partnership, L.P.*, 961 F. Supp. 981, 992 (N.D. Tex. 1997) (citing *Reynolds Metals Co. v. Westinghouse Elec., Corp.,* 758 F.2d 1073, 1078 (5th Cir. 1985)).  "It is not essential that the buyer's notification of a defective product specifically set forth in detail every objection the buyer has to the fitness of the product; it is only necessary that the seller be informed that there is a claimed breach of the warranty of fitness." *Lochinvar*, 930 S.W.2d at 189-90 (citing *Carroll Instrument Co. v. B.W.B. Controls Inc.,* 677 S.W.2d 654, 657 (Tex. App. – Houston [1st Dist.] 1984, no writ)); *see also Eastern Air Lines, Inc. v. McDonnell Douglas Corp.,* 532 F.2d 957, 976 (5th Cir. 1976).  Pursuant to Comment 4 to § 2.607, "the notification must 'be sufficient to let the seller know that the transaction is still troublesome and must be watched' and, at the same time, 'be such as informs the seller that the transaction is claimed to involve a breach'" and thereby allow for "settlement through negotiation."  *Ganz*, 961 F. Supp. at 992 (quoting TEX. BUS. & COM. CODE § 2.607 cmt. 4).  "A general expression of the buyer's dissatisfaction may be sufficient to comply with § 2.607." *Lochinvar*, 930 S.W.2d at 190 (citing *Melody Home Mfg. Co. v. Morrison*, 502 S.W.2d 196, 203 (Tex. Civ. App. – Houston [1st Dist.] 1973, writ ref'd n.r.e.)); *see also Hull*, 365 S.W.3d at 44; *Tire-Tech*, 110 S.W.3d at 201.  "Ordinarily, notice is a question of fact to be determined by the trier of fact.  It becomes a question of law

only where there is no room for ordinary minds to differ about the proper conclusion to be drawn from the evidence." *Lochinvar*, 930 S.W.2d at 190 (citing *Carroll Instrument,* 677 S.W.2d at 657).

In this case, Plaintiff alleges that it accepted delivery of the three ECHs in June 2009 and began experiencing significant problems almost immediately.  Plaintiff alleges that it clearly and repeatedly notified Hoist of the ongoing problems, after which Hoist attempted to remedy the problems and extended the buy-back period for the ECHs from two years to five years.  Plaintiff alleges that it continued to make repeated complaints to Hoist about the ongoing problems.  Plaintiff alleges that Hoist made repeated, yet unsuccessful, attempts to cure the defects in the three ECHs. Ultimately, after Hoist allegedly remained unable to cure the defects, Plaintiff sent Hoist a letter on March 28, 2012, giving more formal notice of breach of the express and implied warranties.

Based on these allegations, the Court cannot conclude as a matter of law that Plaintiff failed to give Defendant timely notice as required by § 2.607(c)(1).  The repeated complaints to Hoist about the continuing defects in the three ECHs, beginning soon after the ECHs were delivered, may well satisfy the notice requirement.  Additionally, given the ongoing attempts by Hoist to repair the

machines, it may be that the notice on March 28, 2012, was given within a reasonable time.  Defendant's Motion to Dismiss the warranty claims is denied.

## III.   MOTION TO DISMISS PURSUANT TO RULE 12(B)(7)

Defendant also seeks dismissal of Amended Complaint pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join Toyota Lift of Houston as a party under Rule 19.  "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue."  *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). Indeed, Rule 19(a)(1) requires joinder of a person subject to process and whose joinder will not deprive the court of subject matter jurisdiction if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1).

There is nothing in the Amended Complaint to indicate that Toyota Lift of Houston is such a party.  The allegations in the Amended Complaint do not indicate that Plaintiff cannot obtain complete relief without the joinder of Toyota Lift of Houston.  The allegations instead assert only that Toyota Lift of Houston was

involved in negotiations with IMS as a representative and agent of Hoist. Additionally, Toyota Lift of Houston does not claim an interest in the subject matter of this lawsuit.  As a result, the Court denies the Rule 12(b)(7) motion at this point. This ruling is without prejudice to any subsequent motion pursuant to Rule 19.

## IV.   CONCLUSION AND ORDER

Plaintiff has adequately alleged its  causes of action in this lawsuit, and the Court is unable to determine from the First Amended Complaint and the current record whether Toyota Lift of Houston is an indispensable party under Rule 19. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 26] is **DENIED**.

SIGNED at Houston, Texas, this **21**[st] day of **November, 2012.**

_____
Nancy F. Atlas
United States District Judge